UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Gallagher and Tiffany Gallagher,   Case No. 13-cv-3173 (PAM/JSM)

    Plaintiffs,

v.   **MEMORANDUM AND ORDER**

U.S. Bank National Association,

    Defendant.

_____

This matter is before the Court on a Motion to Discharge Lis Pendens filed by U.S. Bank National Association. For the reasons that follow, the Court denies the Motion without prejudice.

**BACKGROUND**

In October 2013, plaintiffs David and Tiffany Gallagher sued U.S. Bank challenging the foreclosure of their home in Rice County District Court. (See Compl. (Docket No. 1).) U.S. Bank then removed the lawsuit to this Court invoking federal diversity jurisdiction, and a month later, moved to dismiss the Complaint (Notice of Filing of Notice of Removal (Docket No. 1); Def.'s Mot. to Dismiss (Docket No. 8).) While the Motion to Dismiss was pending, the Gallaghers filed a lis pendens with the Rice County recorder's office. (U.S. Bank App. (Docket No. 29) 1-2.)

In April 2014, this Court dismissed the Complaint with prejudice for failure to state a claim and entered judgment. (Mem. and Order (Docket No. 24).) The Gallaghers neither responded to the Motion to Dismiss nor appealed the dismissal order.

As a result of this Court's decision, U.S. Bank remained the title holder of the property in question.  (See Compl. ¶ 11.)  However, the lis pendens the Gallaghers previously filed remained in the property's records.  (U.S. Bank's Supp. Mem. (Docket No. 28) 1.)  Accordingly, in April 2015, U.S. Bank filed a motion to discharge the lis pendens with this Court.  (Mot. (Docket No. 26).)

**DISCUSSION**

U.S. Bank asks this Court to discharge the lis pendens.  Minnesota Statute § 557.02 states that "[a]ny party claiming any title or interest in or to the real property involved or affected may . . . make application <u>to the district court in the county in which the action is pending or in which the real property involved or affected is situated</u>, for an order discharging the lis pendens of record."  Minn. Stat. § 557.02 (emphasis added).

The text of Minn. Stat. § 557.02 makes clear that the requesting party must file a motion to discharge a lis pendens in state court, not federal court.  Although federal courts in Minnesota have recommended the discharge of a lis pendens, ultimately it has been the state court's responsibility to issue the discharge.  See <u>Keocher v. Fed. Nat'l Mortg. Ass'n</u>, Civ. No. 11-2947, 2012 WL 3052905, at *6 (D. Minn. July 9, 2012).  Under Minn. Stat. § 557.02, U.S. Bank cannot apply to this Court for discharge of the lis pendens.

Even if U.S. Bank could file the motion to discharge in this Court, jurisdiction would still be lacking.  This case initially came before this Court because U.S. Bank removed it from state court based on diversity jurisdiction. (Notice of Filing of Notice of Removal (Docket No. 1).)  But diversity jurisdiction requires that (1) the parties be

citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.  The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).

This case no longer involves any amount in controversy.  This Court previously entered judgment against the Gallaghers and denied them any remedy.  (See Docket No. 24.)  Presently, U.S. Bank only requests an equitable remedy, namely, the discharge of the lis pendens.  Thus, even if Minn. Stat. § 557.02 contemplated the federal court as a potential venue, this Court would have to dismiss U.S. Bank's Motion because diversity jurisdiction no longer exists.

**CONCLUSION**

Minnesota Statute § 557.02 precludes U.S. Bank from filing in federal court a motion to discharge the lis pendens on the Gallaghers' property.  Further, even if federal court were a proper venue, the Court lacks subject-matter jurisdiction over this matter.  Accordingly, **IT IS HEREBY ORDERED** that U.S. Bank's Motion to Discharge Lis Pendens is **DENIED** without prejudice.

Dated: May 29, 2015

                                            *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge